**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

DAVID E. WOOLEVER,                                                                          **PLAINTIFF,**

VS.                                         **CIVIL ACTION NO. 2:05CV150-P-B**

ROBIN TAYLOR, ET AL.,                                                  **DEFENDANT.**

## ORDER

This matter comes before the court upon Plaintiff's Motions to Remand [9-1 and 12-1]. After due consideration of the motions and the response filed thereto, the court finds as follows, to-wit:

The plaintiff filed his Complaint on or about July 11, 2005 in the Circuit Court of Tate County, Mississippi. On August 2, 2005, the defendant, Tate County Planning Commission, removed this action to federal court pursuant to 28 U.S.C. § 1441(b). In their Notice of Removal, Tate County Planning Commission argues the existence of federal question jurisdiction given that there is no state remedy requested in the Complaint, there is no disavowal of federal remedies, and that the relief requested for violation of his due process rights is preempted by 42 U.S.C. § 1983 and the U.S. Constitution. On August 31, 2005, the plaintiff filed his motion to remand to state court. The crux of the plaintiff's argument against removal is:

> The mere allegation of the Plaintiff's due process rights being violated does not in itself raise a federal question. Plaintiff repeatedly alleges through out [sic] his entire complaint that the violation of his due process rights is a direct result of the Defendants [sic] violation of the Tate County Comprehensive Plan, Zoning Ordinance and Subdivision Regulation and Mississippi statutes. Said Complaint contains no allegation of a civil action arising under the Constitution, laws or treaties of the United States which would allow this action to be removed to Federal Court due to a federal question being raised in accordance with 28 U.S.C. Section 1331 or in accordance with 21 U.S.C. Section 1983.

Throughout the plaintiff's Complaint, the plaintiff essentially complains of the lack of notice given by local governmental entities regarding a permit they issued for an asphalt plant to be built near the plaintiff's home. Nowhere in the body of the Complaint does the plaintiff designate any cause of action other than references to the violation of his due process rights. Nowhere does the plaintiff specifically disclaim any remedies under federal law. Nor does the plaintiff delineate which due process rights were violated – *i.e.*, whether those afforded by the Mississippi Constitution or the U.S. Constitution. The Complaint is also silent as to which statutory or common-law vehicle the plaintiff intends to use to recover for the alleged violation of his due process rights.

Contrary to the plaintiff's argument cited above, the allegation of a violation of due process rights necessarily involves a constitutional question. It is unclear whether the instant Complaint seeks to address a constitutional violation through U.S. Constitution and 42 U.S.C. § 1983 or through the Mississippi Constitution and the Mississippi Tort Claims Act – the only vehicle through which the plaintiff could pursue a constitutional claim under Mississippi law against a state governmental entity. Miss. Code Ann. § 11-46-7; *City of Jackson v. Sutton*, 797 So.2d 977 (Miss. 2001). As alluded to above, the Complaint mentions neither § 1983 nor the MTCA nor which Constitution is at issue.

Because the Complaint is unclear whether it seeks relief exclusively under State law, the court concludes that the well-pleaded complaint rule does not protect this case from removal.

Under 28 U.S.C. § 1441(b), a defendant has the right to remove a case filed in State court when that action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States ... without regard to the citizenship or residence of the parties." Whether a claim arises under federal law so as to confer federal question jurisdiction is governed by the well-pleaded

complaint rule. This rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because the well-pleaded complaint rule provides for the determination of jurisdiction solely on the basis of the plaintiff's complaint, the rule makes the plaintiff master of the claim, and federal jurisdiction may be avoided by *exclusive* reliance on state law. *Id*. Thus, even if both state and federal law provides a remedy, the plaintiff can avoid federal jurisdiction by pleading solely state law claims. *Id.* at 392.

An exception to the well-pleaded complaint rule is the artful pleading doctrine which holds that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22 (1983). However, "[w]ithout complete preemption, the artful pleading doctrine does not apply." *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 783 (5th Cir. 2000).

Contrary to the defendant's argument in this case, seeking redress for alleged violations of constitutional rights are not completely preempted by federal law. Indeed, state and federal courts have concurrent jurisdiction for constitutional claims. However, the court concludes that the applicability of the artful pleading doctrine is irrelevant since the well-pleaded complaint rule does not save the instant Complaint from removal to federal court. This is because even though both state and federal law provides a remedy for the alleged violation of the plaintiff's due process rights, the plaintiff did not plead solely state law claims nor did he make it clear he was foregoing federal claims. Indeed, the "governing removal jurisdiction principle is this: the right or immunity created by ... some meaningful aspect of federal law that is claimed to provide the basis for bringing the state court case into the federal system by way of removal must be an essential element of the plaintiff's

properly pleaded claim for relief." 14 Fed. Prac. & Proc. Juris.3d § 3722. Given that the plaintiff in this case failed to mention or to comply with the Mississippi Tort Claims Act procedure for suing a state governmental entity for violation of constitutional rights, the only remedy the plaintiff could possibly seek is a cause of action for violation of the U.S. Constitution's guarantees of due process via 42 U.S.C. § 1983. Thus, the essential element of the instant Complaint is a federal question of whether the plaintiff's federal due process rights were violated.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motions to Remand [9-1 and 12-1] are **DENIED**.

**SO ORDERED** this the 23rd day of June, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE